# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 5:01CR30** |
| ) | |
| **Plaintiff,** ) | **Judge Peter C. Economus** |
| ) | |
| vs. ) | |
| ) | |
| **LONNIE THOMPSON,** ) | **ORDER** |
| ) | |
| **Defendant.** ) | |

On January 9, 2002, the Defendant was sentenced to seventy-eight (78) months imprisonment, followed by three years of supervised release, for Aiding and Abetting Bank Fraud. Defendant's supervised release commenced on November 8, 2006.

On October 31, 2008, Defendant's probation officer submitted a violation report alleging a violation of supervised release for committing five new law violations listed below:

 1. Failure to Report Contact with Law Enforcement within 72 Hours - On 03/04/2008 and 07/12/2008, Mr. Thompson was stopped by Cleveland Police Department and Bratenahl Police Department for speeding respectfully. As of this date, he has not reported police contact to this officer.

2. The Defendant Shall Not Associate with Any Persons Engaged in Criminal Activity and Shall Not Associate with Any Person Convicted of a Felony Unless Granted Permission to do so by Probation Officer - Mr. Thompson is the Vice President of Sales for Shenandoah Properties & Management Company, Limited Liability Company which was filed on May 6, 2008. The president of the Corporation is Darryl McGlamry, a convicted felon. Mr. McGlamry is currently in

federal custody at FCI Miami, Florida and Mr. Thompson did not have permission for this association.

3. The Defendant Shall Submit a Truthful and Complete Written Report within the First Five Days of Each Month - Mr. Thompson failed to report purchases over $500.00 on his monthly supervision report. Between 07/21/2007 and 03/15/2008, Mr. Thompson made cash payments to Levin Furniture totaling $10,195.32 for furniture in his apartment. He did not report these purchases on his monthly supervision report.

4. Failure to Pay Restitution. The Court ordered $79,802.21 in restitution. To date, Mr. Thompson has paid $610.00.00[sic] towards his court-ordered restitution obligation. No payments were made in September 2008 and October 2008.

5. The Defendant Shall Answer Truthfully All Inquiries by the Probation Officer - Between 07/21/2007 and 02/26/2008, Mr. Thompson made cash payments to Levin Furniture totaling $10,195.32. On 10/07/2008, Mr. Thompson told this officer that in August 2008, his sister gave him approximately $2,000.00 which he reported using to pay for the furniture in his apartment.

On November 3, 2008, the Defendant appeared before a Magistrate Judge. The Magistrate Judge concluded that the defendant knowingly, voluntarily, and intelligently admitted the violations of supervised release, and the Magistrate Judge issued a Report and Recommendation recommending that this Court adopt that finding. No objections were filed to the report.

On January 16, 2009, the Court held a hearing regarding the alleged violations. The Defendant was represented by Attorney Michael O'Shea. The United States was represented at the hearing by Assistant United States Attorney David Toepher. At the hearing, the Court adopted the Magistrate's Report and Recommendation and found that the Defendant has violated the terms of his supervised release.

The Court has considered the statutory maximum sentence of three years pursuant to 18 U.S.C. § 3583(e)(3). The Court also has considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence, and the advisory guideline range is 8-14 months pursuant to U.S.S.G. § 7B1.4(a). The Court further has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

Based on this Court's review of all relevant factors, the Court hereby orders that Defendant's supervised release is **REVOKED**, and Defendant is committed to the custody of the Bureau of Prisons for twelve (12) months. No term of supervised release shall follow. In addition, the Court recommends that the Defendant be placed in a facility that is able to meet his specific medical needs.

**IT IS SO ORDERED.**

Issued: January 17, 2009

                **s/ Peter C. Economus**
                **UNITED STATES DISTRICT JUDGE**